UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| v. | Case No. 2:12-CR-20019-001 | |
| JAMES MITCHELL HICKS | | DEFENDANT |

## AMENDED ORDER

On April 16, 2012, Defendant filed a Notice of Insanity Defense pursuant to Fed R. Crim P. 12.2 (Doc. 14) and a Motion for Psychiatric Evaluation and Insanity Determination (Doc. 15) to determine the mental competency of the Defendant and whether or not the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The motion further requests Defendant be examined to determine whether or not he was insane at the time of the alleged offense. The Government advised the Court it has no objection to the Motion for Psychiatric Evaluation and Insanity Determination.

Pursuant to 18 U.S.C. §§ 4241(a) and 4247(b), the Motion (Doc. 15) is GRANTED, and the Defendant, James Mitchell Hicks, is committed to the custody of the Attorney General or his authorized representative for placement in a suitable federal correctional facility for a period not to exceed thirty days for a psychological examination under 18 U.S.C. §§ 4241 to determine whether the Defendant is able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. While the Defendant is in said correctional facility, Defendant shall also be examined, pursuant to 18 U.S.C. § 4242, to determine whether he was insane at the time of the offense charged, for a period not to exceed an additional forty-five days.

Pursuant to 18 U.S.C. § 4247(c), the facility conducting the examination shall file a copy of the report with this Court, with copies to counsel for the Defendant and the Government. Should Defendant desire a hearing on the issue of his competency to stand trial, he will have ten days from the filing of the report within which to demand one.

The United States District Court Clerk is directed to provide the United States Marshal's Service with a certified copy of this order. The United States Marshal's Service is directed to immediately notify the Court upon receipt of Defendant's facility designation. The Court will then issue an order directing Defendant's transport to this facility.

A jury trial scheduled for June 18, 2012 is CANCELLED and will be reset at a later date. The delay occasioned by the competency proceedings and the transportation of Defendant to and from the facility conducting the examination[1] is excludable under the provisions of 18 U.S.C. §§ 3161(h)(1)(A) and (F).

IT IS SO ORDERED this 17th day of April, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE

---

[1] Pursuant to 18 U.S.C. § 3161(h)(1)(F), the time consumed by transportation in excess of 10 days from the date of entry of the order directing defendant's transport is presumed unreasonable under the Speedy Trial Act. In calculating the 10-day period, the date the transport order is entered is excluded, and if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Crim. P. 45(a)(1).